UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES KINMAN and CAROL JEAN KINMAN, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, A.K.A. "MERS," <br><br> Defendants. | No. 2:12-cv-02853-MCE-DAD <br><br><br> **MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Kenneth James Kinman and Carol Jean Kinman ("Plaintiffs") seek redress against Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants") based on alleged violations of California state law related to foreclosure proceedings commenced against Plaintiffs' property. Presently before the Court is Plaintiffs' Request for a Temporary Restraining Order ("TRO") filed on December 5, 2012. (ECF No. 7.) Defendants filed an opposition to the TRO on December 6, 2012 (ECF No. 15) and requested that the Court take judicial notice of certain documents (ECF No. 16).[1]

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." Mack v. S. Bay Deer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). "But a court may not take judicial notice of a fact that is 'subject to a reasonable dispute.'" Fed. R. Evid. 201(b). Accordingly, the Court will take judicial

1

The Court heard oral argument on the matter on December 6, 2012. For the reasons set forth below, Plaintiffs' Request for a Temporary Restraining Order is DENIED.

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order as a form of preliminary injunctive relief is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 441 (1974). Certain prerequisites must be satisfied prior to issuance of a temporary restraining order. See Granny Goose, 415 U.S. at 439 (stating that the purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In general, the showing required for a temporary restraining order is the same as that required for a preliminary injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

///

///

---

notice of matters of public record. Defendant Wells Fargo's Request for Judicial Notice is therefore GRANTED. (ECF No. 16.)

To prevail, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottreell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

Plaintiffs have failed to make the requisite showing that they are likely to succeed on the merits of their claims, or that they have raised serious questions going to those merits. Rather, Plaintiffs present run of the mill mortgage claims that Courts, including this Court, have repeatedly rejected. See, e.g., Tilley v. Ampro Mortg., 2012 WL 33033 (E.D. Cal. Jan. 6, 2012) (holding that Plaintiff lacked standing to assert securitization of her loan violated terms of PSA to which she was not a party); Coleman v. GMAC Mortg., 2011 WL 3739374 (E.D. Cal. Aug. 24, 2011) ("A majority of courts considering the role of MERS to date have concluded that MERS has all the rights of a beneficiary, from foreclosing on the property, to assigning its beneficial interest, to substituting a new trustee."); Foster v. SCME Mortg. Bankers, Inc., 2010 WL 1408108 (E.D. Cal. Apr. 7, 2010) (rejecting wrongful foreclosure argument). In short, Plaintiffs fail to provide the Court with facts sufficient to substantiate their causes of action, let alone carry their burden of "proving the propriety" of this extraordinary remedy "by clear and convincing evidence."

///

///

There is simply no legal or factual basis for finding that Plaintiffs are likely to succeed on the merits or suffer irreparable harm in this case.[2]  As such, Plaintiffs' Motion for a Temporary Restraining Order is DENIED. (ECF No. 7.)

IT IS SO ORDERED.

Dated:  December 7, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] As pointed out by the Court at oral argument, Plaintiffs' irreparable harm argument is particularly dubious given that the subject property is a rental property.

4