UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES KINMAN and CAROL JEAN KINMAN,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,<br><br>Defendants. | No. 2:12-cv-02853-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Kenneth Kinman and Carol Kinman ("Plaintiffs") seek redress against Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants") based on alleged violations of California state law related to foreclosure proceedings commenced against Plaintiffs' property. Specifically, Plaintiffs allege causes of action for lack of standing to foreclose, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, and wrongful foreclosure. Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 20.)

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

1

Also before the Court is Defendants' Request for Judicial Notice in Support of Motion to Dismiss.  (ECF No. 21.)  Plaintiffs filed a timely Opposition (ECF No. 22) and filed Objections to the Request for Judicial Notice (ECF No. 23.)[2]

**DISCUSSION**

**A.  Judicial Notice**

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)). However, under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination.  Id. at 688-90; Fed. R. Evid. 201(b).  Under Federal Rule of Evidence 201, "a court may take judicial notice of 'matters of public record.'" Lee, 250 F.3d at 689 (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)).  A deed of trust is a document that is a matter of public record whose accuracy cannot be questioned. See, e.g., Thompson v. Residential Credit Solutions, No. CIV 2:11-2261 WBS DAD, 2011 WL 5877075, at *2 (E.D. Cal. Nov. 22, 2011).

Defendants request that the Court take judicial notice of several documents, including a grant deed recorded on January 26, 2009, in the Placer County Recorder's Office.  Plaintiffs object to the Request for Judicial Notice on the ground while "the court may take judicial notice of the fact that a document was recorded, it may not take judicial notice of factual matters stated therein."  (ECF No. 23 at 2.)

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local R. 230(g).

Essentially, Plaintiffs contend that judicial notice of the facts contained within the documents is improper because those facts are hearsay and are reasonably subject to dispute. (Id.) However, Plaintiffs do not challenge to authenticity of the grant deed, and Plaintiffs fail to demonstrate how the facts contained within the grant deed are subject to reasonable dispute. As stated above, facts contained in a public record such as the grant deed are considered appropriate subjects for judicial notice. See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 (9th Cir. 2006). Plaintiffs' objection is therefore overruled.

Accordingly, the Court hereby takes judicial notice of the grant deed recorded on January 26, 2009, in the Placer County Recorder's Office. (RJN, ECF No. 21, Ex. 4.) This public record establishes that on March 19, 2008, Plaintiffs, as Co-Trustees of the Kenneth James Kinman and Carol Jean Kinman Revocable Trust, granted all interest in the subject property to Kinman Properties, LLC.[3]

### B. Real Party in Interest

While Defendants caption their motion as a motion for dismissal for failure to state a claim for relief under Rule 12(b)(6), Defendants raise the issue of whether Plaintiffs have standing under Rule 17 to prosecute the claims alleged in the complaint as the real party in interest. Accordingly, Defendants have styled their Rule 17 objection as one for dismissal.[4]

Federal Rule of Civil Procedure 17(a)(1) provides that an action must be prosecuted in the name of the real party in interest. "The real party in interest is the person who has the right to sue under the substantive law.

///

---

[3] The Court declines at this time to rule on the remaining documents included in Defendants' Request for Judicial Notice. (See ECF No. 21.)

[4] The Rules do not specify a procedure for raising an objection that the plaintiff is not the real party in interest. 6A Charles Alan Wright et al., Federal Practice & Procedure § 1554 (3d ed. 2011).

In general, it is the person holding title to the claim or property involved, as opposed to others who may be interest in or benefit by the litigation." Malikyar v. Sramek, No. C 07-03533 WHA (N.D. Cal. Nov. 12, 2008) (citing U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986)). While the real party in interest must prosecute the action, Rule 17(a)(3) provides:

> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Rule 17(a)(3) "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir. 2002) (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1555). The Advisory Committee Notes to Rule 17 likewise state that Rule 17(a)(3) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note. The Ninth Circuit has followed this guidance, and allowed parties the benefit of the Rule 17(a)(3) safety valve when they have made an understandable mistake. See, e.g., Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004) (stating that ratification under Rule 17 is permitted so long as the plaintiff's conduct was an understandable mistake and not a strategic decision); U.S. for Use and Benefit of Wulff v. CMA, Inc., 890 F.2d 1070, 1075 (9th Cir. 1989) (finding that Rule 17(a) would not operate to allow ratification when plaintiffs knew they were not real party in interest and filed suit to toll statute of limitations).

"Whether [a] plaintiff is the real party in interest is determined by the controlling substantive laws." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093-94 (9th Cir. 2004). "It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law."

Am. Triticale, Inc. v. Nytco Servs., Inc., 664 F.2d 1136, 1141 (9th Cir. 1981); see also Glacier Gen. Assurance Co. v. G. Gordon Symons Co., Ltd., 631 F.2d 131, 133 (9th Cir. 1980). Here, the Court has diversity jurisdiction over Plaintiffs' state law claims, and thus substantive California law applies. (ECF No. 1 at 6.) California law requires that "[e]very action must be prosecuted in the name of the real party in interest . . . ." Cal. Civ. Proc. Code § 367. Under California law, the real party in interest is "the person or entity possessing the right sued upon . . . ." Arnolds Mgmt. v. Eischen, 158 Cal. App. 3d 575, 581 (1984).

In the present case, Defendants contend that Plaintiffs do not actually own the subject property, and thus Plaintiffs are not the real party in interest. The Complaint alleges that "[a]t all times relevant to this action, Plaintiffs have owned the Property located at 1141 Snow Crest Road, Alpine Meadows, California 96146." (ECF No. 1 at 5.) However, the Court has taken judicial notice of the grant deed recorded in the Placer County Recorder's Office on January 26, 2009, see supra, which establishes that Plaintiffs deeded the property to Kinman Properties, LLC, on March 19, 2008. Thus, the individual Plaintiffs do not own the subject property, and did not own it at the time of Defendants' alleged misconduct. Accordingly, Plaintiffs do not possess the rights they sue upon in their Complaint. The rights sued upon are presumably possessed by Kinman Properties, LLC, the entity which owns the subject property. Plaintiffs are therefore are not the real parties in interest under Rule 17.

It is not clear that Plaintiffs' mistake in bringing suit in their own names, rather than bringing suit as Kinman Properties, LLC, was an "understandable" one. See Dunmore, 358 F.3d at 1112. However, there is also no evidence before the Court suggesting that Plaintiffs made a strategic decision to sue in their own names, or acted in bad faith. Cf. Wulff, 890 F.2d at 1075. Thus, the Court will give Plaintiffs the benefit of the doubt and apply the Rule 17(a)(3) safety valve.

///

///

Accordingly, the Court gives the real-party-in-interest (presumably Kinman Properties, LLC) fourteen (14) days to ratify, join, or be substituted in the current action. If the real-party-in-interest fails to do so, the Court will dismiss the Complaint with prejudice.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Rule 17 Objection (ECF No. 20-1 at 9) is GRANTED, and the real-party-in-interest shall ratify, join, or be substituted into the action within fourteen (14) days of the entry of this Order. Failure to do so will result in dismissal of Plaintiffs' Complaint (ECF No. 1) with prejudice.

IT IS SO ORDERED.

Dated:  February 8, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE